UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,
               *Intervenors-Appellants*,

VIRGINIA L. GIUFFRE,
               *Plaintiff-Appellant*,

-v-

GHISLAINE MAXWELL,
               *Defendant-Appellee*.

2CA Docket #: 24-182, 24-203

Dist. Ct. Docket #: 1:15-cv-7433

### INTERVENORS-APPELLANTS' RESPONSE TO COURT'S JULY 9, 2025 ORDER

On July 9, 2025, this Court ordered Intervenors-Appellants Julie Brown and the Miami Herald Media Company to advise the Court regarding whether they adopt all arguments raised by Virginia Giuffre, in light of her recent passing.

Intervenors adopt all arguments that are contained in the publicly available portions of Virginia Giuffre's brief. However, certain portions of Ms. Giuffre's brief are redacted, and certain arguments pertain to documents to which Intervenors have not been permitted access. Intervenors are thus unable to adopt these portions of the brief, as they lack the requisite personal knowledge to affirm or take a position on the matters contained therein.

However, regardless of Intervenor's ability to adopt the arguments asserted by Giuffre in the redacted sections, this Court can review the record as a whole in making its unsealing determinations. In unsealing actions, courts are to conduct a "particularized review [of the record] and unseal all documents for which the presumption of public access outweighs any countervailing privacy interests." *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019). This Court may therefore

review the record as a whole to identify the documents for which the presumption of public access outweighs any countervailing privacy interests, regardless of the arguments raised by the parties. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.") Thus, the Court may consider the entire record, including the arguments advanced by Giuffre's brief, in making its determinations regarding unsealing.

Additionally, "an intervenor has the same right of appeal as any other party." *Eng v. Coughlin*, 865 F.2d 521, 526 (2d Cir. 1989); *see also* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24–15, pp. 24–169—24–170 (2d ed. 1985) (An intervenor may appeal from "all interlocutory and final orders that affect him ... whether the right under which he intervened was originally absolute or discretionary"). Thus, Intervenors have independent standing to maintain this appeal regardless of whether a representative for Giuffre is substituted. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 117 (2d Cir. 2006) (noting that the Second Circuit has allowed media intervenors to independently appeal and the intervention filings "could [be] treated as a separate civil case"); *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004); *In re New York Times Co.*, 828 F.2d 110, 113 (2d Cir.1987).

Ms. Brown and the Miami Herald Media Company intervened in this action on behalf of the public interest that is otherwise not represented by the parties. *See Schiller v. City of New York*, No. 04 CIV. 7921(KMK)(JC), 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006); *Kelly v. City of New York*, No. 01 CIV. 8906 (AGSDF), 2003 WL 548400, at *3 (S.D.N.Y. Feb. 24, 2003) (permitting invention by the news media "in order to articulate the public interest in access to the records at issue"). And, under the law of this Circuit, news organizations are routinely heard on

issues involving public access to proceedings and documents. *See, e.g., Sec. and Exch. Comm'n v. TheStreet.Com*, 273 F.3d 222, 227 n.4 (2d Cir. 2001); *Schiller*, 2006 WL 2788256, at *2; *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 350-51 (S.D.N.Y. 1996); *Savitt v. Vacco*, No. 95-CV-1842(RSP/DRH), 1996 WL 663888, at *7 (N.D.N.Y. Nov. 8, 1996) ("The Second Circuit Court of Appeals and its district courts have consistently held that news agencies have standing to challenge protective orders in cases of public interest."). Thus, Intervenors' standing to continue to pursue this appeal is not in question.

For these reasons, Intervenors respond to the Court's July 9, 2025 order to advise that (1) Intervenors adopt all arguments advanced in Virginia Giuffre's brief that are publicly available, excluding those portions that Intervenors do not have knowledge of due to redaction or sealing; (2) the Court may consider the entire record in making its ruling on unsealing, including those arguments advanced by Giuffre that Intervenors do not have knowledge of; and (3) Intervenors maintain independent standing to pursue this appeal.

Dated: July 21, 2025

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

Scott D. Ponce
701 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Fax: 305.789.7799

Cynthia A. Gierhart
800 17th Street, NW

Suite 1100
Washington, DC 20006
Telephone: 202.469.5416
Fax: 202.955.5564

*Attorneys for Intervenors-Appellants*